### J. L. RUDDELL v. WILLIAM SPARKS ET AL.

#### No. 6809.

1. **Practice.**—In a suit to recover land from one holding under a void judicial sale, the purchase money at said sale having been applied upon the judgment under which the void sale had been made, upon a recovery of the land it seems that the claim of the defendant to the purchase money he had so paid should have been adjudicated.

2. **Judgment for Costs.** — A judgment in favor of the officers of the court for costs incurred by the successful against the losing party belongs to such officers. It can not be offset by a claim against the successful party. That he was insolvent will not make an exception to the rule.

APPEAL from Denton. Tried below before Hon. T. J. Botforth, Special District Judge.

The opinion gives a statement.

*J. L. Ruddell*, for himself.— 1. A judgment in favor of Venable against Ruddell ought to be set off by a judgment in favor of Ruddell against Venable, if Ruddell's judgment is equal to or greater in amount than Venable's. Hamilton v. Van Hook, 26 Texas, 302; Simpson v. Huston, 14 Texas, 476; Hanchett v. Gray, 7 Texas, 549.

2. A judgment for costs expended or incurred in a suit by the successful party is to the amount of these expenses a judgment in favor of the successful party, and like other judgments may be set off or paid by the party cast direct to the successful party in money or credit on indebtedness. Rev. Stats., art. 1421; De la Garza v. Carolan, 31 Texas, 390.

3. As between the parties and the officers of the court, each party to a suit is responsible for the cost incurred by himself, and each party is also responsible to his witnesses for the fees due them for attendance. Rev. Stats., arts. 1420, 2212, 2213; Anderson v. McKinney, 22 Texas, 655; Railway v. Jones, 63 Texas, 524.

No brief for appellees reached the Reporter.

HOBBY, JUDGE.—We think the court did not err in refusing to grant the injunction in this case, nor was there error in refusing to allow the setoff claimed by appellant.

The facts giving rise to the question in this case are: That in July, 1883, W. P. and J. D. Padgett recovered a judgment against one of the appellees, S. B. Venable, on which execution issued. At a sale thereunder, in October, 1883, of Venable's land, Ruddell, the appellant, became the purchaser, paying about $172, which sum was applied to the satisfaction of the judgment, and a deed was executed by the officer to appellant. Subsequently appellant brought suit against Venable to recover the land. In that suit the fact was disclosed that the land was Venable's homestead, and judgment was rendered against appellant that he take nothing by his suit and for costs, and against him also in favor of the officers of the court for their costs incurred by Venable. He paid the costs incurred by himself, amounting to about $127; but for the costs incurred by Venable, amounting to $96, execution issued against appellant on August 10, 1888, out of the District Court of Denton County in favor of William Sparks, the sheriff, and J. R. Edwards, the clerk, and Venable, who are the appellees in this suit.

This execution the appellant seeks to enjoin, and asks that a claim held by him against said Venable for $162, which is a part of the amount paid by him on the Padgett judgment before mentioned, be allowed to set off the judgment for costs amounting to $96 in favor of the appellees as above stated. This claim of appellant against Venable is in the form of a judgment, he having reduced it to that form in November, 1888, before a justice of the peace. But the claim was held by him in August, 1888, when the execution in this case was issued. Venable's insolvency is alleged in the petition. A general and special demurrer were sustained to the petition on the ground that Venable had no interest in this suit; that the judgment in the case of Ruddell v. Venable was decisive of this, the matter being *res adjudicata;* that the debt of Venable can not be set off against the judgment for costs, and that there is no equity in the petition.

The petition was dismissed and the plaintiff appeals.

From the foregoing statement, taken from the plaintiff's petition, it appears that if the amount of money paid by him at the execution sale in October, 1883, of Venable's land, subsequently adjudged to be the latter's homestead, constituted a valid claim against him, it should have been appropriately litigated and included in the suit brought by Ruddell against Venable in which the judgment was rendered against the former for the $96. In that action they were the only parties. The claim was then held by appellant, although not in the form of a judgment; and when it was ascertained that he was the purchaser at a void execution sale, and had made the payment of the amount at such sale, which was applied to the

satisfaction of a judgment against Venable, it would have been the proper occasion for the appellant to have sought a recovery thereof.

But whether this be so or not, the judgment for $96 against appellant in favor of the officers of the District Court of Denton County has no connection with or relation to the claim which he now seeks to make available as a setoff.   Venable has no interest in the judgment in favor of the officers.

If the allegation of Venable's insolvency would make appellant's claim an exception to the rule requiring it to be mutual in a suit between them, it would serve to show in this case that there could be no reasonable expectation by the officers of the court of the recovery of their costs except from appellant; and a recovery by them would be defeated if their judgment is allowed to be set off by his claim.   The effect of this would be that a judgment against appellant, presumably solvent, in favor of the officers, which the law requires he shall pay to them, is not so paid, but through its agency a debt due him from an insolvent person is collected.

There was no error in the judgment below, and we think it should be affirmed.

*Affirmed.*

Adopted January 20, 1891.

Chief Justice Stayton not sitting.